UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN JARDINE, | Case No. 2:20-CV-2314 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| YAMADA AND SONS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Yamada and Sons, Inc.'s ("Yamada") motion to dismiss. (ECF No. 12). Plaintiff Darren Jardine ("Jardine") responded in opposition (ECF No. 16), to which Yamada replied (ECF Nos. 15; 16).

## I. BACKGROUND

Jardine began working for Yamada in Hawaii in 2015. (ECF No. 1 at 3). He fell ill while on vacation to visit his family in 2019. (*Id*.). Jardine notified Yamada of his medical condition and requested to submit a claim for temporary disability insurance ("TDI") which was approved. (*Id*.). Jardine later notified his supervisor that he needed to go on temporary disability. (*Id*.). However, he could not return to work after his surgery due to his condition, so he notified Yamada about his situation. (*Id*.). While Jardin was on TDI medical leave, Yamada terminated his employment. (*Id*. at 4).

Jardine alleges claims against Yamada for disability discrimination and harassment; retaliation; and negligent hiring, training, and supervision. (*Id*. at 4–8). Yamada now moves to dismiss the case for lack of personal jurisdiction, improper venue, and failure to state a claim. (ECF No. 12 at 1).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff need only make a prima facie showing of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The court takes allegations in the complaint as true and resolves factual disputes in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When, as here, no applicable federal statute governs personal jurisdiction, the court applies the law of the forum state. FED. R. CIV. P. 4(k)(1)(A). Nevada's long-arm statute permits the exercise of personal jurisdiction to the extent permitted by the Constitution. Hence, the inquiry is whether jurisdiction "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also* NEV. REV. STAT. § 14.065. The touchstone of this inquiry is whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)).

## III. DISCUSSION

The court first determines whether Yamada is subject to general personal jurisdiction in Nevada. If not, the court determines if specific jurisdiction applies. To determine specific jurisdiction, the court looks into the facts Jardine's claims arise out of to see if Yamada purposefully directed its activities or transactions at Nevada. Moreover, Jardine's claims must be related to the Legacy's forum-related activities. Thus, the court turns to the "fair play and substantial justice" factors if needed.

A. <u>Jardine fails to show that Yamada is subject to general jurisdiction in Nevada</u>

Typically, general jurisdiction is established in two ways; for corporations, general jurisdiction is wherever the corporation was incorporated and wherever its principal place of

James C. Mahan
U.S. District Judge

- 2 -

business is located.  For individuals, general jurisdiction is wherever the person is domiciled—*i.e.*, wherever that person was last physically located and intended to remain indefinitely.  Absent those showings, a plaintiff can establish general jurisdiction over a foreign defendant by showing that its contacts with the forum state are "so continuous and systematic" that it is "essentially at home" in the state.  *See Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Here, Yamada is not incorporated in Nevada, and its principal place of business is not in Nevada.  Jardine does not allege any facts which suggest that Yamada's communications with Nevada are "systematic and continuous."  Therefore, Yamada is not subject to general jurisdiction in Nevada.

B.   <u>Jardine fails to show that Yamada is subject to specific jurisdiction in Nevada</u>

The Ninth Circuit uses a three-prong minimum contacts test for specific jurisdiction: (1) the non-resident defendant "must purposefully direct his activities or consummate some transaction with the forum . . . or perform some act by which [it] purposefully avails [itself] of the privilege[s], . . . benefits, and protections" of the forum state; (2) the plaintiff's claims must "arise out of or relate to the defendant's forum-related activities"; and (3) the exercise of jurisdiction must "comport with fair play and substantial justice, *i.e.*, it must be reasonable."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"Mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  *Lang v. Morris*, 823 F. Supp. 2d 966, 969–70 (N.D. Cal. 2011) (quoting *Fiore v. Walden*, 657 F.3d 838, 846–47 (9th Cir. 2011)).  If the plaintiff meets the first two prongs, the burden shifts to the defendant to "present a compelling case" that exercising personal jurisdiction would be unreasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (enumerating factors like convenient and effective relief for the plaintiff, burden on the defendant, the forum's interest in adjudicating the dispute, and the most efficient judicial resolution).

*1. Yamada has not purposefully availed itself of activity in Nevada*

To be subject to specific jurisdiction, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

**James C. Mahan**
**U.S. District Judge**

- 3 -

protections of its laws." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). "Purposeful availment" requires that the defendants perform some affirmative conduct that allows or promotes business transactions within the forum state. *Id.* (quoting *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)).

Here, Jardine's sole allegation regarding purposeful availment is Yamada's awareness that Jardine was injured in Nevada and there was a purposeful contact. Yet, Jardine fails to allege Yamada has had any contacts with Nevada. Yamada employed Jardine in Hawaii, and there has been no tie between Yamada and Nevada; hence, Jardine is unable to show purposeful availment.

### 2. *Jardine's claims do not arise from or relate to Yamada's alleged forum conduct*

Jardine fares no better on the second prong of the specific jurisdiction test. This prong provides that "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) (alterations and emphasis in original) (quoting *Daimler AG*, 571 U.S. at 126). Essentially, "there must be 'an affiliation between the forum and the underlying controversy, *principally, [an] activity or an occurrence that takes place in the forum State* and is therefore subject to the State's regulation.'" *Id.* (emphasis added).

Ninth Circuit courts have historically required a but-for relationship between a particular claim and forum conduct. *See, e.g.*, *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). However, the Supreme Court has recently tempered that causal requirement. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) ("None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do. . . [O]ur most common rule formulation demands that the suit 'arise out of or relate to the defendant's contacts with the forum.") (citation omitted).

Here, there is no showing that Jardine's claims arose from Yamada's contacts with Nevada. Jardine does not allege that any of its interactions with Yamada took place in Nevada, that Yamada advertised in Nevada, or that Yamada otherwise targeted the Nevada market in any

James C. Mahan
U.S. District Judge

- 4 -

way.  All actions and communications between Jardine and Yamada took place in Hawaii. Therefore, Jardine does not meet the second prong of specific jurisdiction.

Therefore, Jardine's complaint fails to show that this court has general or specific personal jurisdiction over Yamada.

### C. The court grants/declines Jardine's request to transfer venue

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Personal jurisdiction over the defendant is not required for the court to transfer under 1406(a), and a court may transfer a case thereunder *sua sponte*.  28 U.S.C. 1631; *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964 (9th Cir. 1993).

In determining whether transfer is in the interest of justice, courts consider "judicial economy, the relative injustice imposed on plaintiff and defendant, whether the statute of limitations has expired, and whether the action would be re-filed if the case were dismissed." *Melbostad v. City of Cascade*, No. 2:14-cv-350-JAD-VCF, 2014 WL 5410725, at *2 (D. Nev. Oct. 21, 2014).

Here, Yamada argues that transfer is not in the interests of justice because Jardine purposefully filed this action in an inappropriate forum, failed to serve it with the complaint for a year, and refused to agree to transfer venue upon Yamada's requests.  (ECF No. 12 at 15–16). Jardine argues that transfer is in the interests of justice because he has agreed to transfer the case, but Yamada refused to toll the statute of limitations to preserve his claims.  (ECF No. 14 at 9).

Here, the interest of justice favors transfer.  The 90-day statute of limitations to bring suit on Jardine's Title VII claims has already run.  (*See* ECF No. 12 at 15).  Consequently, any injustice Yamada would suffer from refiling its 12(b)(6) motion to dismiss is outweighed by the injustice Jardine would face in dismissal causing him to lose his right to sue.  Though the statute has passed, Jardine would certainly re-file this case if it were dismissed to argue tolling from the time this case was pending before this court.  Thus, judicial economy would be preserved by bypassing the inevitable motion practice that would arise from dismissal.

James C. Mahan
U.S. District Judge

- 5 -

1  Accordingly, the court transfers this case to its proper district, the United States District
2  of Hawaii.

## IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 12) be, and the same hereby is, GRANTED in part.

IT IS FURTHER ORDERED that the instant action, *Jardine v. Yamada and Sons, Inc.*, case no. 2:20-cv-02314-JCM-EJY, be, and the same hereby is, TRANSFERRED to the United States District Court for the District of Hawaii (New York County).

DATED July 1, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -